NATIONAL CITY BANK OF NEW YORK, EXECUTOR, ESTATE OF ROBERT JILL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47671. Promulgated January 8, 1931.

*Cyrus S. Jullian, Esq.*, and *Frank Easby-Smith, Esq.*, for the petitioner.

*C. H. Curl, Esq.*, and *William H. Boyd, Esq.*, for the respondent.

## OPINION.

TRAMMELL: There are only two issues in this case. First, whether the taxes in controversy have been paid to the respondent by other persons, to wit, Joseph Jill and Frank Jill. Second, whether the statute of limitations now bars the assessment and collection of the tax.

The first issue, whether the taxes have been paid, involves construction of the instrument entitled " Escrow Agreement " set out in our findings of fact. This instrument indicates on its face that the taxes have not been paid and contains nothing to indicate that they have been paid. The instrument provides that the Commissioner of Internal Revenue shall cause the usual steps to be taken toward the assessment and collection of the said taxes from the estate of Robert Jill, including " defending of any proceeding which may be brought by said estate before the Board of Tax Appeals and any appeal by said estate from the decision of the Board." It further provides that " Frank Jill and Joseph Jill unconditionally guarantee the payment of said additional taxes proposed against the said estate of Robert Jill, with interest, in the event same shall not be collected from said estate and that they, the said Frank Jill and Joseph Jill deposit said bonds with said Collector to cover said guarantee, *not as a payment of said liability* but merely to cover said guarantee under the conditions above stated."

We think from the evidence it is perfectly clear that the taxes have not been paid. This issue is, therefore, decided against the petitioner.

As to the statute of limitations, the question involved is whether the return of the decedent was false and fraudulent. Section 278 (a) of the Revenue Act of 1926 provides:

In the case of a false or fraudulent return with intent to evade tax or a failure to file a return, the tax may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time.

Section 276 (a) of the Revenue Act of 1928 is to the same effect.

We think that the evidence that the decedent filed a false and fraudulent return for the purpose of evading the tax is of such character that no other conclusion can be reached. We think there can be no question in this case that the return was false and fraudulent.

It is contended by the petitioner that the fraud penalty can not be asserted against the decedent's estate and for that reason the evidence of fraud could not be introduced or accepted in this proceeding. We think it is immaterial that the fraud penalty could not be asserted or collected. The only question concerning the statute of limitations is whether the return was false or fraudulent for the purpose of evading the tax, and, if that is true, the statute of limitations has not run.

It is further contended by the petitioner that the respondent could not introduce secondary evidence for the purpose of showing the contents of the original documents, that is, the monthly statements which set forth the true expenses and profits, in order to show that the returns were false and fraudulent. It is also contended that there was no evidence to show the destruction of the books and records. On this question the uncontradicted evidence is that the books and records were deliberately taken out of the office of the partnership and burned very soon after the revenue agent, Cronin, had made his examination thereof. The person who actually threw the books in the fire testified as to the burning of the books and as to hauling them away from the office.

The petitioner also objected to the introduction of secondary evidence upon the ground that the Commissioner did not make formal demand upon the petitioner to produce the books and records. There is no evidence, however, that the decedent or the petitioner was ever in possession of the books and records. They were in possession of the partnership, not the decedent, and the respondent was in possession of evidence long before the trial that the books and records had been deliberately burned, apparently for the purpose of suppressing evidence.

From a consideration of all the evidence in this proceeding we have found as a fact that the returns of the decedent were false and fraudulent and made for the purpose of evading tax. This being true, the statute of limitations has not run and the respondent has the right to proceed to collection.

No issue has been raised in this proceeding as to the correctness of the deficiencies asserted.

*Judgment will be entered for the respondent.*